UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:18-CR-285-SEB-DLP |
| JEFFREY BURKE, | ) ) ) |
| Defendant. | ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the defendant, Jeffrey Burke ("the defendant"), in person and by counsel, Michael Jarard, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

    a. Count 1 which charges that the defendant committed the offense of Bank Fraud, in violation of Title 18, United States Code, Section 1344.

2. **Dismissal of Counts:** Following imposition of sentence, the government will move to dismiss Counts 2 and 3 of the Indictment.

3. **Potential Maximum Penalties**: The offense is punishable by a maximum sentence of 30 years' imprisonment, a $1,000,000 fine, and 5 years' supervised release following any term of imprisonment.

4. **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

1. There was a scheme to defraud a bank, financial institution, or to obtain moneys, funds, credits, assets, securities, or other property owned by, or in the custody or control of, a bank or financial institution by means of false or fraudulent pretenses, representations or promises as charged in the indictment; and

2. The defendant knowingly executed the scheme; and

3. The defendant acted with the intent to defraud; and

4. The scheme involved a materially false or fraudulent pretense, representation, or promise; and

5. At the time of the charged offense the deposits of the bank or financial institution were insured by the Federal Deposit Insurance Corporation.

## Part 2: General Provisions

5. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the

Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

9. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

10. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right

---

[1] Title 18, U.S.C. " 3141-3156, Release and Detention Pending Judicial Proceedings.

to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

    a.    **Government's Recommendation:** The Government has agreed to recommend a sentence at the low end of the applicable Sentencing Guidelines Range as calculated by the Court during the sentencing hearing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

    b.    **Defendant's Recommendation:** The defendant understands that he is free to recommend any sentence consistent with the law.

    11.    **Placement:** The defendant reserves the right to request that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at an institution identified at the time of sentencing. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

    12.    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

    13.    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

## Part 4:  Monetary Provisions and Forfeiture

14. **Mandatory Special Assessment:**  The defendant will pay a total of $100 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

15. **Fine:** The United States will not recommend a fine be imposed.

16. **Restitution:**  The defendant agrees to pay restitution for all losses caused by the defendant's conduct, regardless of whether counts of the indictment/information dealing with such losses will be dismissed as part of this plea agreement.

The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

17. **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The

defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Part 5: Factual Basis for Guilty Plea

18. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

Beginning in or about August 2014, and continuing to the present, in the Southern District of Indiana, Indianapolis Division, and elsewhere, JEFFREY BURKE, defendant herein, and others known and unknown, did knowingly and intentionally devise, and participate in a scheme or artifice to defraud a financial institution, and to obtain the money, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, namely a loan in the amount of $129,661 from WebBank, Inc., by means of materially false or fraudulent pretenses, representations, or promises, in violation of Title 18, United States Code, Section 1344.

More particularly, the City of Muncie ("Muncie") was located in the Southern District of Indiana. BURKE was a resident of Muncie, and owned Burke Rentals 1, LLC and McGalliard Guns & More Inc. BURKE was also associated with the following business and personal bank accounts: a business bank account at Chase Bank ending in 4883 in the name of Jeff Burke DBA McGalliard Guns & More, a business bank account at First Merchant Bank ("FMB") ending in

8335 in the name Jeff Burke DBA McGalliard Guns, LLC, and a personal bank account at FMB ending in 6713 in the name of Jeffrey D. Burke and another individual.

Persons A and B were the previous owners of real estate located at 1706 E. Main Street, in Muncie, Indiana. Jess Neal was a Muncie employee who owned Companies A and B. CAN Capitol Asset Servicing, Inc., was a company headquartered in New York, New York, which serviced loans from WebBank, Inc. WebBank, Inc. was a financial institution headquartered in Salt Lake City, Utah, which had its deposits insured by the Federal Deposit Insurance Corporation. CAN Capitol Asset Servicing, Inc. serviced Business Loan Agreement Number MBP8412425 between BURKE and WebBank, Inc.

It was part of BURKE's scheme that on July 16, 2015, BURKE, doing business as McGalliard Guns and More, entered into Business Loan Agreement Number MBP8412425 with WebBank, Inc., to obtain a loan in the amount of $129,661. It was further part of the scheme that BURKE obtained the loan from WebBank, Inc. through material false and fraudulent pretenses, and by concealment of material facts, in that BURKE explicitly promised to not use the WebBank, Inc. loan proceeds to purchase real estate. According to Section 3 of the Business Loan Agreement between BURKE and WebBank, Inc.:

> "You represent to us and agree that the Principal Amount will be used only: (a) to buy merchandise, inventory or related goods you will rent or sell to your customers, (b) to buy equipment or other goods for use in your business, (c) for training or other services needed by your business, and/or (d) to make improvements to your business location (but not to buy real estate)."

It was further part of the scheme that on July 20, 2015, BURKE caused the WebBank loan proceeds of $129,661 to be deposited into BURKE's Chase bank account ending in 4883. It was further part of the scheme that on July 21, 2015, Jess Neal transferred $52,000 from Company B to Company A's account. It was further part of the scheme that on July 22, 2015, Jess Neal caused

a check to be drawn from Company A's account in the amount of $55,000 made payable to BURKE. It was further part of the scheme that on July 29, 2015, BURKE deposited $61,752 into BURKE's FMB bank account ending in 8335. It was further part of the scheme that the $61,752 deposit included the $55,000 check from Company A.

It was further part of the scheme that on July 29, 2015, BURKE purchased a $60,000 cashier's check payable to Person A, from BURKE's FMB bank account ending in 8335. It was further part of the scheme that on July 30, 2015, BURKE purchased a $90,000 cashier's check payable to Person A, from BURKE's Chase bank account ending in 4883.

It was part of the scheme that on July 30, 2015, BURKE, doing business as Burke Rentals 1, LLC, purchased real estate at 1706 East Main Street, in Muncie, Indiana (the "Flea Market"), from Persons A and B, for $150,000. It was further part of the scheme that on July 30, 2015, BURKE did in fact use the WebBank, Inc. loan proceeds, in addition to proceeds from Companies A and B, to purchase real estate, namely, the Flea Market. It was further part of the scheme that BURKE purchased the Flea Market using funds from BURKE's Chase bank account ending in 4883, and BURKE's FMB bank account ending in 8335.

It was further part of the scheme that on September 9, 2015, forty-one (41) days after BURKE purchased the Flea Market from Persons A and B, the Muncie Sanitary District purchased the Flea Market from BURKE for $395,000. It was further part of the scheme that BURKE and others caused the Muncie Sanitary District to approve the purchase of the Flea Market.

It was further part of the scheme that on September 9, 2015, BURKE deposited $392,249.49 into BURKE's FMB bank account ending in 6713. It was further part of the scheme that on September 9, 2015, after BURKE deposited $392,249.49 into BURKE's FMB bank account ending in 6713, BURKE drew a $55,000 check payable to Company A from the same

account. It was further part of the scheme that on September 9, 2015, BURKE withdrew $8,000 in cash from the FMB bank account ending in 6713. BURKE then split the profits of the sale of the Flea Market by making small cash payments to Jess Neal.

It was further part of the scheme that BURKE and others did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

BURKE further admits that during the course of the criminal investigation conducted by the Federal Bureau of Investigation and the Department of Justice, the following matter, among others, was material to that investigation: Whether BURKE received anything of value from Company A to purchase the Flea Market located at 1706 E. Main Street, Muncie, Indiana.

BURKE further admits that on or about May 25, 2018, he knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Executive branch of the United States, in that BURKE, in response to questions posed to him by agents of the Federal Bureau of Investigation, denied that he had ever accepted anything of value from Company A in connection with his purchase of the Flea Market located at 1706 E. Main Street, Muncie Indiana.

BURKE further admits that on or about May 25, 2018, he, having knowledge of the grand jury investigation regarding the July 30, 2015 purchase of the Flea Market real estate located at 1706 E. Main Street, Muncie Indiana, corruptly influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice in the aforementioned grand jury investigation.

## Part 6: Other Conditions

19. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

20. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

21. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

22. **Guideline Computations:** The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses. The parties have discussed this computation, but have not agreed upon the advisory calculation. They agree that the Court will make this determination.

   a. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in

Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

## Part 8: Waiver of Right to Appeal

23.     **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute(s) to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute(s). The defendant further agrees that in the event the Court sentences the defendant to sentence within or below the applicable Sentencing Guidelines as calculated by the Court at sentencing, and regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

12

24. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

The Government further agrees that it will not assert this waiver as a bar to the defendant seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on the same basis. Furthermore, if the defendant files more than one motion, the Government reserves the right to assert this waiver as a bar to an appeal from the

District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

25. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

26. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

27. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

28. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless

affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 11: Statement of the Defendant

**29.** By signing this document, the defendant acknowledges the following:

**a.** I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.** I have read the entire Plea Agreement and discussed it with my attorney.

**d.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask

me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

  f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

  i. I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  k. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

  **l.**  If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

<b><u>Part 12:  Certificate of Counsel</u></b>

  **30.**  By signing this document, the defendant's attorney and counselor certifies as follows:

  **a.**  I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

  **b.**  To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

  **c.**  The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

  **d.**  In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

  **e.**  In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I

recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 13: Final Provision

31.   **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

6/21/2021
DATE

Tiffany J. Preston

Assistant United States Attorney

6/21/2021
DATE

*Nicholas J. Linder*
Nicholas J. Linder
Deputy Chief, Criminal Division

6-21-21
DATE

*Jeffrey Burke*
Jeffrey Burke
Defendant

6/21/21
DATE

*Michael Jarard*
Michael Jarard
Counsel for Defendant

19